Submitted October 27, 2020; Counts 2, 3, and 5 reversed and remanded, remanded for resentencing, otherwise affirmed February 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL DE JESUS SANTOS-VASQUEZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR80029; A170592

481 P3d 426

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Samuel De Jesus Santos-Vasquez filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Counts 2, 3, and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted by jury on two counts of first-degree sexual abuse (Counts 2 and 3), one count of first-degree sodomy (Count 5), one count of second-degree sodomy (Count 6), and one count of second-degree unlawful sexual penetration (Count 7). The jury returned unanimous verdicts on Counts 6 and 7, but was not unanimous on Counts 2, 3, and 5. On appeal, defendant argues that the trial court erred in failing to give a less-satisfactory-evidence jury instruction, in instructing the jury that it could return nonunanimous verdicts and, in accepting nonunanimous verdicts. He makes additional arguments in a supplemental *pro se* brief concerning the testimony of a witness. We reject defendant's less-satisfactory-evidence and *pro se* arguments without discussion. The state concedes that defendant's convictions on Counts 2, 3, and 5, which were based on nonunanimous verdicts, must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept that concession. Defendant argues that his remaining convictions also should be reversed based on the erroneous nonunanimous verdict instruction. We reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), in which the court concluded that the erroneous nonunanimous jury instruction was not structural error and was harmless with respect to unanimous verdicts.

Counts 2, 3, and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.